## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN WILLIAMS**, *et al.* | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-1320** |
| | : | |
| **LIEUTENANT MAYNARD**, *et al.* | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Jonathan Williams is a pretrial detainee currently housed at the Federal

Detention Center in Philadelphia ("FDC").  He alleges constitutional claims pursuant to *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), based on

the emotional distress he experienced after watching Defendants, all FDC prison officials, use

excessive force against a fellow inmate.  Williams appears to also assert claims on behalf of the

inmate.  Williams seeks to proceed *in forma pauperis*.  For the following reasons, the Court will

grant Williams leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

 Williams asserts constitutional claims on behalf of himself and on behalf of "Mr.

Fleming," a fellow inmate at the FDC.  Compl. at 1.[1]  He names as Defendants "Supervisor

Maynard" and "John Does (1-7)."  *Id*. at 3.  He alleges that on March 21, 2023, Maynard

"intimidated" Fleming by "telling him in a threatening manner 'Cuff up! You gotta go to

medical!'"  *Id*. at 5.  Williams further alleges that a nurse needed to see the area on Fleming's

arm where a tuberculosis test was administered.  *Id*.  Maynard continued to threaten Fleming,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

who "cringed towards the back of his cell." *Id*.  Williams states that Maynard then "handpicked seven white men to violently attack the very short, African American" Fleming.  *Id*. at 6. Fleming was allegedly "shot repeatedly with a solid black Air Rifle through [an] illegally installed Slam Box," and sprayed with O.C. chemicals.[2]  *Id*.  The following day, March 22, 2023, Maynard allegedly "had another attack team assembled, consisting of all white Republican men" to assault Fleming by exposing him to O.C. chemicals, strapping him to a bed, and stabbing him with needles.  *Id*. at 8.

Williams alleges that he personally "suffered extreme emotional distress" as he "could not believe the extreme, excessive, assaultive force used against Lil' Mr. Fleming."  *Id*. at 7.  He also alleges that Fleming suffered numerous physical injuries.  *Id*. at 10.  For relief, Williams requests $100 million for himself, $200 million for Fleming, that Maynard and the John Doe Defendants be terminated from their employment at the FDC, and that Maynard be criminally charged with attempted murder.[3]  *Id*. at 7, 9-10.

---

[2] "O.C." is an apparent reference to oleoresin capsicum, a type of pepper spray.

[3] The Court has no authority to order that Maynard be criminally charged.  *See Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution."); *Smith v. Friel*, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

In addition, the Court has no authority to order that Maynard and the John Doe Defendants be terminated from their employment.  *See Hall v. Carny*, 2023 WL 187569, at *1 & n.3 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant prison official be terminated from his employment); *Dongarra v. Smith*, 2020 WL 4934660, at *5 (M.D. Pa. Aug. 24, 2020) (dismissing plaintiff's request to terminate defendant's employment because Plaintiff has not "named any defendant who has the power to terminate [Defendant] from his job"); *Pagonis v. Raines*, 2018 WL 9240919, at *4 (W.D. Tex. Aug. 10, 2018) (citing *Shaw v. Murphy*, 532 U.S.

## II.     STANDARD OF REVIEW

The Court will grant Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.     DISCUSSION

### A.     Claims on Behalf of Fleming

Although only Williams signed the Complaint, Williams names Fleming as a Plaintiff

---

223, 230 (2001)) (finding that federal courts are not "prison managers" and injunctive relief in the form of terminating a prison official's employment is not available in a § 1983 action).

[4] Because Williams is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

and appears to assert claims and seek money damages on his behalf.[5]  Any claims that Williams

asserts on behalf of Fleming cannot proceed.  Under 28 U.S.C. § 1654, parties "may plead and

conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus

ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See*

*Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to

proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own

cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.

1990))).  Although an individual may represent himself *pro se*, "[t]he rule that a non-lawyer may

not represent another person in court is a venerable common law rule."  *Collinsgru v. Palmyra*

*Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998), *abrogated on other grounds by Winkelman ex*

*rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Under this principle, Williams,

who proceeds *pro se*, may not assert claims on behalf of Fleming.

Moreover, Williams lacks standing to bring claims on behalf of Fleming.  Article III of

the United States Constitution limits the power of the federal judiciary to the resolution of cases

and controversies.  *See, e.g.*, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273

(2008).  "That case-or-controversy requirement is satisfied only where a plaintiff has standing."

*Id*.  "[T]he irreducible constitutional minimum of standing contains three elements."  *Lujan v.*

*Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an "injury in

fact" that is "concrete and particularized" and "actual or imminent, not conjectural or

hypothetical."  *Id*. (internal quotations omitted).  "Second, there must be a causal connection

---

[5]  It appears that Williams signed Fleming's name to the Complaint because "Mr. Fleming was relocated and he suffered extreme trauma" and thus was unable to sign it himself.  Compl. at 11. This is not sufficient.  *See* Fed. R. Civ. P. 11(a) (requiring each plaintiff to individually sign the complaint).  There is nothing in the Complaint to suggest that Fleming is even aware of Williams's attempt to raise claims on his behalf.

4

between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id*. Third, it must be "likely" that the plaintiff's injury "will be redressed by a favorable decision." *Id*. at 561; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Courts consistently find that prisoners do not have standing to sue on behalf of other prisoners. *See Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) (citing cases); *see also Allen v. Eckard*, 804 F. App'x 123, 127 (3d Cir. 2020) (inmate lacked standing to set forth claim that other inmates were assaulted); *Vaughn v. Cambria Cnty. Prison*, 709 F. App'x 152, 155 (3d Cir. 2017) (inmate lacked standing to raise constitutional claims on behalf of other inmates). Thus, to the extent Williams intended to raise claims on behalf of Fleming, he lacks standing to do so. Accordingly, any claim purported to be asserted on behalf of Fleming is dismissed without prejudice to Fleming raising those claims himself in a separate civil action.

## B.  Williams's Claims

Williams also asserts constitutional claims on behalf of himself. He alleges that he personally suffered extreme trauma and emotional distress after witnessing the Defendants' violence against Fleming. Assuming without deciding that a *Bivens* remedy is available here,[6] any *Bivens* claims Williams intends to assert on behalf of himself must nevertheless be dismissed. As noted above, a prisoner cannot bring claims on behalf of another prisoner. *Weaver*, 650 F.2d at 27. "Rather, the prisoner must allege a personal loss and seek to vindicate a

---

[6] *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017). *Bivens* does not, however, provide a remedy for every constitutional violation committed by any federal actor. Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see Abbasi*, 582 U.S. at 131, and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017); *see Egbert*, 142 S. Ct. at 1809.

deprivation of his own constitutional rights." *Id*.  Simply witnessing the use of force on another, even if it causes emotional harm, is not enough to state a constitutional claim.  *See Crane v. City of Arlington*, 50 F.4th 453, 467-68 (5th Cir. 2022) (rejecting claim that plaintiffs suffered emotional trauma by witnessing the defendant's conduct and stating that "bystanders cannot recover when they only witness excessive force used upon another").  In other words, there is no constitutional right to be free from witnessing a violation of another's constitutional rights.  *See Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1985); *Green v. Strickland*, 2022 WL 855294, at *6 (W.D. La. Mar. 22, 2022) (dismissing Section 1983 claims where plaintiff was "distressed" from witnessing alleged excessive force against another because claim was "based solely upon witnessing events").

According to Williams's allegations, no governmental conduct was directed at him. Defendants' conduct was directed entirely at Fleming.  Thus Williams "cannot establish that defendants had the requisite intent to violate *his* rights."  *Archuleta v. McShan*, 897 F.2d 495, 498 (10th Cir. 1990); *see also Tierney v. Davidson*, 133 F.3d 189, 199 n.7 (2d Cir. 1998) ("Plaintiffs assert an emotional distress claim based upon force used against Patrick Newton, but such a claim would give rise only to a common law tort, not to a constitutional violation."); *Brown v. Blue*, 2009 WL 3806290, at *2 (M.D. Pa. Nov. 10, 2009) (dismissing complaint on Section 1915(e)(2)(b) screening where plaintiffs sought relief on grounds that they suffered emotional distress after witnessing another inmate's suicide).  Accordingly, even if a *Bivens* remedy were available here, any *Bivens* claims Williams asserts based on the emotional harm he suffered witnessing Defendants' conduct towards Fleming must be dismissed.

It is possible Williams also intends to assert Federal Torts Claim Act ("FTCA") claims based on allegations that Defendants negligently inflicted emotional distress on Williams, who

witnessed the violence directed at Fleming.  The FTCA waives the United States' sovereign

immunity for claims sounding in state tort law for money damages.  *See* 28 U.S.C. § 2674

(waiving sovereign immunity to make the United States liable "in the same manner and to the

same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542

U.S. 692, 700 (2004) ("The FTCA was designed primarily to remove the sovereign immunity of

the United States from suits in tort . . . with certain specific exceptions. . . . " (internal quotations

omitted)).

To the extent Williams intended to assert FTCA claims, the claims fail for three reasons.

First, there are no allegations that Williams exhausted his administrative remedies with the

Bureau of Prisons ("BOP").  A plaintiff must exhaust administrative remedies as a prerequisite to

filing a lawsuit under the FTCA.  *See* 28 U.S.C. § 2675(a).  In other words, "[n]o claim can be

brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal

agency and the agency renders a final decision on the claim.  This requirement is jurisdictional

and cannot be waived."  *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (internal citations

omitted); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018).  A plaintiff "must . .

. plead administrative exhaustion in an FTCA case."  *Colbert v. U.S. Postal Serv.*, 831 F.

Supp.2d 240, 243 (D.D.C. 2011).  Because Williams has not pled any facts about administrative

exhaustion to the BOP, any FTCA claim he may have intended must be dismissed.

Second, even if Williams had exhausted his administrative remedies, FTCA liability does

not extend to Williams's claim for emotional damages.  Section 1346(b)(2) of the FTCA

precludes inmate tort actions against the United States for "mental or emotional injury suffered

while in custody without a prior showing of physical injury or the commission of a sexual act."

28 U.S.C. § 1346(b)(2); *see also West v. United States*, 729 F. App'x 145, 148 (3d Cir. 2018)

(per curiam) (affirming dismissal of claim based on mental or emotional injury where "allegation that there was an argument and [the plaintiff] was pushed out of a cell is insufficient as a 'physical injury' predicate").  There are no allegations that Williams suffered any physical injury.

Third, Williams's allegations do not support a plausible claim for negligent infliction of emotional distress ("NIED") under Pennsylvania law and thus cannot be pursued as an FTCA claim.  The FTCA serves as a statutory waiver of immunity when "private persons engaging in analogous behavior would be liable under state law."  *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008).  Under Pennsylvania law, NIED claims

> fall within four factual scenarios: (1) the plaintiff suffered a physical impact; (2) "the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury;" (3) the plaintiff observed a tortious physical injury to a close relative; or (4) the defendant had a special contractual or fiduciary duty toward the plaintiff.

*Russell v. Educ. Comm'n for Foreign Med. Graduates*, 603 F. Supp.3d 195, 203 (E.D. Pa. 2022) (quoting *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 197-98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011)).  There are no facts supporting an inference that Williams suffered any physical impact or that Fleming was Williams's close relative.  Nor do any facts support a reasonable inference that Williams was "in personal danger of physical impact" to himself or that Williams "actually feared the physical impact" when Defendants committed the acts alleged on Fleming. *See Russell*, 603 F. Supp.3d at 205 (concluding that the plaintiffs "did not fear the impact from" the defendant but instead "loathe the memory" of defendant's actions, which is "not actionable").

Accordingly, any FTCA claim Williams intended to bring on behalf of himself must also be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis*, and dismiss his Complaint in part with prejudice and in part without prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  All claims asserted by Williams on behalf of Fleming are dismissed without prejudice to Fleming raising those claims in a separate action if he so chooses.  All claims asserted by Williams on behalf of himself are dismissed with prejudice.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate order follows.


**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**